# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**GARY C. MOSELY,**

    **Plaintiff,**

vs.                                                     **Case No. 1:09cv74-MP/WCS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D). It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

This is the second time this Social Security claim has come before this court. Plaintiff, Gary C. Mosely, applied for disability insurance benefits and supplemental security income benefits. On August 14, 2004, a recommendation was made in case number 1:02cv112-MP/AK, to remand pursuant to sentence four of 42 U.S.C. § 405(g).

The remand was with the consent of both parties. The court adopted the recommendation and remanded.

On remand, the Administrative Law Judge determined that Plaintiff became disabled as of March 10, 2002. Doc. 11, p. 2. Plaintiff brings this suit asserting that his disability date should have commenced on February 15, 2000, his alleged onset date. At issue is whether Plaintiff is entitled to payment of benefits for the period from February 15, 2000, to March 10, 2002.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted). The court must give "substantial deference to the Commissioner's decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which

support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps. 20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

  4. Does the individual have any impairments which prevent past relevant work?

  5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy. Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Legal analysis**

  The ALJ determined that Plaintiff was age 52 on February 15, 2000, and had the residual functional capacity to do a limited range of light work, but due to his mental condition, had *moderate* limitations in his ability to understand, remember, and carry out detailed instructions, to make judgments on simple work-related decisions, to interact with the public and co-workers, and to respond to work pressures and changes in a routine work setting. R. 279. Relying upon the "grids"[1] and Plaintiff's age, the ALJ determined that from February 15, 2000, to March 20, 2002, when Plaintiff became 55

---

 [1] Appendix 2 to Subpart P of Part 404 – Medical-Vocational Guidelines, found at: http://www.ssa.gov/OP_Home/cfr20/404/404-ap11.htm

years old, there were jobs in the economy which Plaintiff could still do and he was not disabled. R. 280. The ALJ *also* relied upon testimony from a vocational expert, that there were several jobs in the national economy which Plaintiff could do despite his limitations. *Id.* The ALJ determined that when Plaintiff became 55, the "grids" directed a finding that he was disabled. *Id.*

Plaintiff contends that this decision was arbitrary and capricious because there was no finding that his impairments were any different in the period between February 15, 2000, and March 10, 2002, and the period after March 10, 2002. Doc. 11, p. 8. This argument is not persuasive. Plaintiff turned 55 years of age on March 10, 2002, which made a big difference when the "grids" were applied. This was reasonable.

Plaintiff argues that the "grids" cannot be applied when there is evidence that he had non-exertional impairments. Doc. 11, p. 8. That is true as a general proposition. "Exclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Phillips v. Barnhart, 357 F.3d 1232, 1142 (11th Cir. 2004), *quoting* Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

But the ALJ here did not exclusively rely on the grids to deny the claim. First, she determined Plaintiff's non-exertional limits in the period prior to March 20, 2002. She determined that Plaintiff had "moderate" limitations in his ability to understand, remember, and carry out detailed instructions, to make judgments on simple work-related decisions, to interact with the public and co-workers, and to respond to work

pressures and changes in a routine work setting. R. 279. This was based upon an evaluation by Candace Valenstein, Ph.D., on November 6, 2001, within the earlier period in dispute. This discussed in the ALJ's opinion. R. 275. These limitations are found in the record. R. 243-244. The ALJ posed these limitations to the vocational expert in the hypothetical. R. 655. The vocational expert said that Plaintiff could do work as an assembler, packer or packager, and inspector. R. 657. The ALJ so found in her opinion. R. 280. This finding fully supports the determination that Plaintiff was not disabled prior to March 10, 2002, and it does not rely upon the grids to reach that conclusion.

Plaintiff argues that based upon Plaintiff's residual mental functional capacity, the vocational expert had testified that there would be no work available to him. Doc. 11, p. 8. Cited for this is R. 657-661. *Id.* But at that point, the ALJ had shifted to later evidence. She cited Exhibit B 11 F as evidence of "marked" restrictions, rather than merely moderate restrictions, in the ability to maintain socially appropriate behavior, to coordinate with others without distractions, to accept instructions, and to get along with supervisors and co-workers. R. 657. The vocational expert said that with *marked* limitations, there would be no jobs that such a person could do. R. 658. There is evidence in the record that Plaintiff had marked restrictions in those areas, but the evaluation is dated August 31, 2004, more than two years after the period in question. R. 600-602 (Exhibit B 11 F). That the vocational expert testified that with marked limitations, the person could not do any form of work, was essentially not relevant at that point since the ALJ had relied on the grids (after Plaintiff turned 55) to find that he was

disabled.  Stated another way, the Commissioner cannot short-cut the process to use the grids to deny a claim for disability, if the claim has significant non-exertional impairments, but if the Commissioner uses the grids to grant the claim, vocational evidence that compels the same conclusion is no longer relevant.

**Conclusion**

Considering the record as a whole, the findings of the Administrative Law Judge correctly followed the law and were based upon substantial evidence in the record.  The decision of the Commissioner to deny Plaintiff's application for benefits should be affirmed.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2009.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**